PEOPLE *on rel.* WEST *a.* SMITH.

*Supreme Court, First District; Special Term, February,* 1861.

MANDAMUS.—POWERS AND DUTY OF STREET-COMMISSIONER.

A mandamus cannot be allowed, at the instance of the lowest bidder for a contract, to compel the street-commissioner of the city of New York to execute such contract with him.

It is the duty of the street-commissioner to award the contract to the lowest bidder, if to any bidder; but the provision of the charter which requires this is for the benefit of the Corporation, not for the purpose of creating an obligation to be enforced by mandamus in favor of the bidder.

Application for mandamus.

This was a motion for mandamus to the street-commissioner of the city of New York, to compel him to award a contract to

the relator, who had made proposals therefor, pursuant to advertisement. The street-commissioner returned that he had made an award of the contract in question to another person, who had also bid, and who was, by his construction of the bids, the lowest bidder, and that he had sent the contract, award, and other papers, to the Common Council for confirmation.

*J. C. Dimmick*, for relator.

*H. H. Anderson*, for defendant.

LEONARD, J.—If the defendant were directed to sign the contract with the relator, it would still be imperfect without confirmation.

The Common Council could not be compelled to confirm, because their duty is discretionary.

If, then, the relator be right in his construction of the bid, the remedy asked for is imperfect.

Again, the defendant has signed a contract with a party who, he insists, is the lowest bidder.

If the street-commissioner is wrong in this, that contractor will obtain no right to demand his pay.

I cannot find that the street-commissioner is under an obligation to sign a contract with any one in such a manner that the bidder can compel its signature.

True, it is a violation of duty by the commissioner to give the contract to one who is not the lowest bidder, for which, if fraudulent, he is liable to punishment. The party with whom the contract is signed, if not the lowest bidder, obtains no right of action thereunder.

It does not follow, however, as a consequence, that the street-commissioner can be compelled, by mandamus, to execute a contract with a party who is the lowest bidder. None of the bids may be low enough. The commissioner may refuse them all for that reason.

If a mandamus can be invoked here, then the commissioner must be considered as without the power to refuse the lowest bid, even when that is not proper or satisfactory.

The provision of the city charter, in this respect, is that the contract shall be awarded to the lowest bidder only when it is given to some of those who are bidders.

It is manifest that many cases will arise when the commissioner will be under no obligation to sign a contract with the lowest bidder even. Until some of the bids have been accepted, the court cannot know that the contract will be given to any bidder. Consequently, no one can invoke a mandamus as soon as the bids are opened, and the lowest bidder can, by computation, be ascertained.

The provision of the charter is for the protection of the city, not for the purpose of creating an obligation to be enforced by the lowest bidder by a writ of mandamus, for the execution of a contract with him, in pursuance of his bid.

In this case, a contract has been signed with another party. The court cannot, by mandamus, rescind that contract. It may be that the commissioner's construction of the bids is the correct one.

The party having the contract which has been executed, before it can be annulled, is entitled to a hearing on that question, where he may produce his witnesses. Unless we can annul the other bid, the city would be exposed to loss and litigation from the one party or the other, if the writ be granted.

The difference between the two contracts is small, not exceeding $12, under the relator's construction.

There is not the slightest pretence for doubting the entire good faith of the street-commissioner in awarding the contract in the manner he has done.

It is not, in my opinion, a case for the exercise of the discretion of the court, in granting the application of the relator.

The application is therefore denied.